# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-IA-01963-SCT

*DOUBLE QUICK, INC.*

v.

*DOROTHY MOORE, AS ADMINISTRATOR AND
ON BEHALF OF ALL OF THE WRONGFUL
DEATH BENEFICIARIES OF MARIO MOORE,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/2010 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LONNIE D. BAILEY |
| | MARC A. BIGGERS |
| | CHARLES CAMERON AUERSWALD |
| ATTORNEYS FOR APPELLEE: | ANDREW M. W. WESTERFIELD |
| | WARREN BARKSDALE BELL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 11/03/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., CHANDLER AND KING, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     This case comes before the Court on interlocutory appeal from the Bolivar County
Circuit Court. The matter arises from a shooting which occurred in the parking lot of a
Double Quick convenience store. We must determine whether the trial court erred in failing
to apply premises-liability law and denying Double Quick, Inc.'s motion for summary
judgment. Finding that the trial court erred, we hereby reverse and render a judgment of
dismissal in Double Quick's favor.

## FACTS AND PROCEDURAL HISTORY

¶2. On May 17, 2008, Wytisha Jackson was an assistant store manager of a Double Quick convenience store in Shelby, Mississippi. At approximately 7:30 p.m., George Ford, accompanied by his young son, entered Double Quick to make a purchase. Shortly afterward, Cassius Gallion entered the store. Ford and Gallion exchanged words. Gallion exited the store first. Then, Ford left the store to pump gas into his car. Because she was worried that Ford and Gallion would fight, Jackson accompanied Ford and helped Ford's son into the car. At the gas pumps, Ford and Gallion again exchanged words. Then, Mario Moore, who had arrived at the Double Quick but had not yet been inside, approached Ford's car, intervened in the argument, and threw a punch at Ford. Mario missed Ford, but struck Jackson, who then returned to the store and called the police. Ford then retrieved a pistol from the trunk of his car and shot Mario. Mario died as result of his injury.

¶3. On September 5, 2008, Dorothy Moore, as administrator of Mario's estate, filed suit against Double Quick. Moore argued that Double Quick had neglected to protect Mario from injury and death while he was on the store's premises. On October 2, 2008, Double Quick answered the complaint and denied the essential allegations, including liability to Moore. On October 7, 2010, after extensive discovery by both parties, Double Quick filed its motion for summary judgment.

¶4. Within its motion, Double Quick argued that premises-liability law was applicable, and in order for Double Quick to be liable for the failure to protect Mario from the intentional acts of another, Moore must show that the injury was foreseeable. Double Quick argued that

2

Moore had failed to prove foreseeability pursuant to *Corley v. Evans*, 835 So. 2d 30, 38-39 (¶26) (Miss. 2003), which required Moore to establish that Double Quick had actual or constructive knowledge of the assailant's violent nature or actual or constructive knowledge that an atmosphere of violence existed on the premises.

¶5.     On October 19, 2010, Moore filed a response to Double Quick's motion for summary judgment and a cross-motion for partial summary judgment. She argued that Double Quick and Jackson were negligent, because once Jackson and other employees were aware of the argument, Jackson had failed to call the police immediately or to separate Gallion and Ford by asking Ford to stay inside until the police had arrived.

¶6.     The trial court heard arguments on the motions, and on November 23, 2010, entered its order denying both motions for summary judgment. The trial court held that, while neither prong of the *Corley* test was met, the *Corley* test was not applicable, because the case was more similar to a basic negligence action against an employee of Double Quick than a premises-liability action. The trial court further held that a jury should determine whether Jackson's actions were the proximate cause of Mario's injuries. Double Quick appeals the portion of the order denying summary judgment. On December 8, 2010, this Court granted Double Quick's petition for permission to file an interlocutory appeal.

## DISCUSSION

¶7.     We must determine whether the principles of premises-liability law apply, and if so, whether Double Quick is entitled to summary judgment. This Court will review a trial court's grant or denial of a motion for summary judgment de novo. *Titus v. Williams*, 844 So. 2d 459, 464 (¶16) (Miss. 2003). The evidence must be viewed in the light most favorable

3

to the party against whom the motion has been made. If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. Otherwise, the motion should be denied. *Id*.

### *Premises Liability*

¶8. Double Quick argues that it is entitled to summary judgment under the principles of premises-liability law. "[P]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowners's premises as a result of 'conditions or activities' on the land." *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (¶11) (Miss. 2011) (citation omitted).

¶9. Moore contends that the instant case is not one of premises liability, but a basic negligence case against Jackson. The only case Moore relies on to support her claim that this is a basic negligence case is *Foradori v. Captain D's, LLC*, 2005 WL 3307102 (N.D. Miss. 2005), and its affirmance by the Fifth Circuit in *Foradori v. Harris*, 523 F. 3d 477 (5th Cir. 2008). In *Foradori*, the plaintiff, a customer, was injured by employees of Captain D's. *Id*. at 482. *Foradori* involved the legal principle of vicarious liability of Captain D's for its manager's negligent failure to control her employees and prevent them from assaulting a customer of the restaurant. *Id*. at 483. The *Foradori* case was not a premises-liability case, and the Fifth Circuit noted that the district court granted summary judgment, dismissing the premises-liability claims. *Id*.

¶10. However, the *Foradori* case is not factually similar to the instance case, and this Court recently has reiterated that whether a cause of action falls under the general theory of negligence or a specific type of negligence warrants a review of the facts that gave rise to the

4

claim. ***Doe***, 56 So. 3d at 553 (¶ 10). In the instant case, Mario was not injured by the Double Quick employees; the Double Quick employees were not even aware of his presence on the premises. Because Mario's injury was the result of an activity that occurred on Double Quick's property, we find that Moore's claim is one of premises liability. Accordingly, the trial court erred in holding that the instant case was not a premises-liability case.

### ***Summary Judgment***

¶11. To recover damages in a premises-liability action, Moore must show (a) the duty owed to Mario by Double Quick; (b) a breach of that duty; (c) damages; and (d) a causal connection between the breach and the damages, such that the breach is the proximate cause of Mario's injuries. ***Crain v. Cleveland Lodge 1532, Order of Moose, Inc.***, 641 So. 2d 1186, 1189 (Miss. 1994) (citations omitted).

¶12. Generally, in order to determine the duty owed by the business owner, the status of the injured party must be determined. The injured party should be classified as an invitee, licensee, or trespasser. ***Leffler v. Sharp***, 891 So. 2d 152, 153 (¶ 10) (Miss. 2004). An invitee is a person who enters the premises of another in response to an "express or implied invitation of the owner or occupant for their mutual advantage." ***Id***. at 153 (¶ 11). A licensee enters the premises "for his own convenience, pleasure, or benefit pursuant to the license or implied permission[.]" A trespasser enters the premises "without license, invitation, or other right." ***Id***.

¶13. Under Mississippi law, a property owner is not the insurer of an invitee's safety. Rather, he owes a duty to the invitee to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view. ***Corley***, 835 So.

5

2d at 37 (¶ 22) (citations omitted). Also, the duty owed to a licensee or trespasser is the same--not to willfully or wantonly injure such person. *Leffler*, 891 So. 2d at 157 (¶12).

¶14. The parties disagree on Mario's status, but Mario's classification is irrelevant in determining the outcome of this appeal. The issue is not determinative, because even if Jackson and Double Quick owed Mario a higher duty of care, Moore failed to provide evidence that Jackson's action or inaction was the proximate cause of Mario's death.

¶15. Proximate cause is defined as the "cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." *Delahoussaye v. Mary Mahoney's, Inc.*, 783 So. 2d 666, 671 (¶13) (Miss. 2001). Generally, "criminal acts can be intervening causes which break the causal connection with the defendant's negligent act, if the criminal act is not within the realm of reasonable foreseeability." *O'Cain v. Harvey Freeman & Sons, Inc.*, 603 So. 2d 824, 830 (Miss. 1991) (citing *Touche Ross v. Commercial Union Ins.*, 514 So. 2d 315, 324 (Miss. 1987); *Robinson v. Howard Bros. of Jackson, Inc.*, 372 So. 2d 1074, 1076 (Miss. 1979)). Thus, in order to establish that Jackson's behavior was the proximate cause of Mario's injury, Moore would have to prove that Mario's injury was reasonably foreseeable.

¶16. In premises-liability cases, there are two ways to establish legal causation, or foreseeability, in cases of assault by a third person: the requisite "cause to anticipate" the assault may arise from actual or constructive knowledge of the assailant's violent nature, or actual or constructive knowledge that an atmosphere of violence exists on the premises. *Id*.

¶17. There was no suggestion within the record that Jackson had actual or constructive knowledge of Ford's violent nature. Jackson voluntarily went outside to the gas pumps with

6

Ford. Further, the record does not indicate that an atmosphere of violence existed on the premises of Double Quick. *See **Gatewood v. Sampson***, 812 So. 2d 212, 220 (¶14) (Miss. 2002). In fact, Moore's attorney conceded during the hearing on the motions for summary judgment that there was no evidence to indicate that Double Quick had a violent atmosphere.

¶18. Because Moore failed to prove that the injury was reasonably foreseeable, there is no evidence to suggest that Jackson's behavior was the proximate cause of Mario's injuries. Accordingly, the trial judge should have granted Double Quick's motion for summary judgment.

## CONCLUSION

¶19. We find that the trial court erred in denying Double Quick's motion for summary judgment. Therefore, we reverse the judgment of the trial court and render a judgment of dismissal in favor of Double Quick.

¶20. **REVERSED AND RENDERED**.

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**