# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

Lyle W. Cayce
Clerk

No. 11-60366

ILLINOIS CENTRAL RAILROAD COMPANY,

Plaintiff

v.

CRYOGENIC TRANSPORTATION, INCORPORATED,

Defendant

CLYDINE DANIEL, in her capacity as Administratrix/Executrix/Personal Representative of the Estate of Michael Daniel, deceased,

Defendant-Third Party Plaintiff - Appellant

v.

AIRGAS CARBONICS, INCORPORATED,

Third Party Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Clydine Daniel appeals the dismissal of her claim against a company that owned property that her husband, Michael Daniel, exited moments before colliding with a train. The district court dismissed the claim, holding that the

No. 11-60366

property owner owed no duty to Michael Daniel at the time of the collision. We AFFIRM.

## I.

On July 26, 2009, Michael Daniel drove an eighteen-wheeler for Cryogenic Transportation to pick up carbon dioxide at a plant in Star, Mississippi, owned by Airgas Carbonics. Upon exiting the Airgas plant, Daniel collided with a passing train operated by Illinois Central Railroad Company. He died two days later.

On August 11, 2009, Illinois Central filed a complaint in the United States District Court for the Southern District of Mississippi against Cryogenic Transportation and Michael Daniel's widow, Clydine Daniel, as representative of Michael Daniel's estate. Illinois Central sought recovery for damage to its train, tracks, and other property resulting from the collision. Clydine Daniel filed a counterclaim sounding in negligence, and later amended the counterclaim to add Airgas as a counterclaim defendant.[1] Mrs. Daniel sought recovery for damages resulting from Michael Daniel's death.

Airgas filed a motion to dismiss for failure to state a claim, which the district court granted orally on October 12, 2010. The court later set out its reasons in writing, explaining that, based on the counterclaim's allegations, Airgas owed no duty to Daniel because Airgas did not own the railroad tracks or railroad crossing at which the accident occurred. On May 4, 2011, the district court entered final judgment on the counterclaim against Airgas under Federal Rule of Civil Procedure 54(b). Clydine Daniel appeals.

---

[1] Illinois Central sued Clydine Daniel in her representative capacity, but Mrs. Daniel's counterclaim indicates that it is prosecuted in an individual and representative capacity. She initially filed both a counterclaim against Illinois Central and a third party complaint against Airgas, invoking federal impleader practice. *See* FED. R. CIV. P. 14. Mrs. Daniel later voluntarily dismissed the third party complaint and amended the counterclaim to include Airgas as a counterclaim defendant. *See* FED. R. CIV. P. 15, 20.

No. 11-60366

II.

We review a district court's dismissal for failure to state a claim de novo, accepting as true all well pleaded facts and viewing those facts in the light most favorable to the non-movant. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). Dismissal was appropriate if Clydine Daniel failed to allege facts supporting a plausible claim or failed to raise her right to relief above a speculative level. *Id.*

Because diversity furnishes the basis for jurisdiction, we apply the substantive law of Mississippi, the forum state. *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011). Decisions of the Mississippi Supreme Court guide our determination of Mississippi law. *Id.* In both the district court and this Court, Clydine Daniel pursued a negligence theory based on Airgas's ownership of its premises and its control of the areas surrounding those premises. Tort law, specifically the law of premises liability, is therefore the Mississippi law at issue. *See Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1165-66 (Miss. 2011).

A.

Under Mississippi law, the duty a premises owner owes to entrants depends on whether the entrants are invitees, licensees, or trespassers. *Id.* at 1166. Here, the parties agree that Michael Daniel was Airgas's business invitee, and therefore that Airgas owed Daniel a duty "to keep the premises reasonably safe and . . . to warn only of hidden dangers not in plain and open view." *Id.* Airgas's duty extended to all areas substantially under its control that it invited the public to use. *Albert v. Scott's Truck Plaza, Inc.*, 978 So. 2d 1264, 1267 (Miss. 2008).

The counterclaim, therefore, can state a premises liability claim only if it alleges that the collision occurred at a location under Airgas's control. *Id.* The counterclaim describes three sets of railroad tracks outside the Airgas plant exit:

3

No. 11-60366

one set that is a "private crossing owned by Airgas," a second set that is a "public crossing and the tracks are owned by Illinois Central," and a third set that is, simply, a "public crossing." Each set of tracks intersects "Andrew Jackson Circle," a road adjacent to the Airgas plant. The counterclaim alleges that the collision occurred when "the front cab of [Daniel's] truck had crossed over the second set of tracks but the trailer was in the process of crossing over the second set of tracks."

In other words, the counterclaim indicates that the collision occurred, not on Airgas's property, but on tracks owned by Illinois Central intersecting a public road. There are no allegations from which one might infer that Airgas had control over this public crossing. The district court was therefore correct in holding that Airgas owed no duty to Michael Daniel at the time of the collision.

B.

Irrespective of who controlled the railroad tracks, Clydine Daniel contends that Airgas owed a duty to furnish a safe exit, it breached this duty by requiring Michael Daniel to exit in the direction of railroad tracks, and the breach caused the off-premises collision. This suggested approach—coupling an on-premises duty with an off-premises accident—is foreclosed by the Mississippi Supreme Court's decision in *Albert v. Scott's Truck Plaza, Inc.*

In *Albert*, a truck driver sued a truck stop owner after the driver's wife was hit by a car while crossing a public highway abutting the truck stop. *Albert*, 978 So. 2d at 1265. The driver's wife was struck by a passing car when she exited the truck stop parking lot on foot. *Id.* The driver's theory was that the truck stop owner was negligent in providing inadequate lighting in the parking lot, in placing objects in the parking lot that obstructed the woman's view as she exited, and in failing to warn of hidden dangers. *Id.* at 1266. The Mississippi Supreme Court rejected this theory, holding that the truck stop owner owed no duty to the driver's wife at the moment that she left the truck stop and entered the public

4

No. 11-60366

highway. *Id.* at 1267. Because the truck stop owner owed no duty, it could not be liable for the accident. *Id.* The majority considered and rejected an argument identical to the argument Clydine Daniel is making here: that the breach of an on-premises duty coupled with an off-premises accident could support a claim sounding in tort. *Id.* at 1267 n.3, 1268.

We see no meaningful way to distinguish *Albert* from the instant case. Here, as in *Albert*, the alleged tort occurred on a public way near a defendant's property, and the asserted theory is that the condition of the property's exit caused the tort. The Mississippi Supreme Court has determined that this set of facts does not support a claim for relief under Mississippi law because the threshold tort element—duty—is not present. *Id.* We are bound by that court's determination.

### III.

After Michael Daniel exited Airgas's plant, Airgas did not owe him a duty under Mississippi tort law. The judgment of the district court is therefore

AFFIRMED.