# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2012

No. 12-60213
Summary Calendar

Lyle W. Cayce
Clerk

BETTIE Q. JOHNSON; ELMER C. JOHNSON,

Plaintiffs-Appellants

v.

HWCC-TUNICA INC., DOING BUSINESS AS HOLLYWOOD CASINO,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CV-42

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bettie and Elmer Johnson sued HWCC-Tunica, Inc., doing business as Hollywood Casino ("HWCC"), for damages sustained when Bettie Johnson ("Johnson") was assaulted in the casino's parking lot. The magistrate judge, on assignment and by consent (hereafter "district court"), granted summary judgment to HWCC, finding that the Johnsons did not raise a genuine issue of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60213

material fact as to whether an atmosphere of violence existed in the area surrounding the casino sufficient to put HWCC on notice of a potential assault against Johnson.

The Johnsons appeal, arguing that in determining whether an atmosphere of violence existed, the district court should have considered criminal activity in a broader geographical area; should have considered incidents of crimes other than robberies; and should have considered relevant evidence besides criminal activity, such as HWCC's past security measures. Even assuming the district court set the proper parameters of the inquiry, the Johnsons assert that there is still a genuine issue of material fact regarding whether an atmosphere of violence existed. The Johnsons also contend that they raised a genuine issue of material fact regarding whether the adequacy of HWCC's security was a proximate cause of the assault.

## FACTS AND PROCEEDINGS

Bettie Q. Johnson, a resident of Arkansas, celebrated her 71st birthday by visiting the casinos in Tunica County, Mississippi. She arrived at the Hollywood Casino at approximately 9 a.m. on February 10, 2010. Johnson testified that she felt safe upon exiting her car, largely because there was a group of women in the parking lot at the time. However, as Johnson walked from her car to the front entrance of the casino, a man approached her and attempted to snatch her purse. The strap on Johnson's purse broke and she was knocked to the ground. The assailant fled, but another woman entering the casino responded to Johnson's cries for help and returned to assist her.

Police arrived at the scene and attended to Johnson's cuts and scrapes. During the course of their investigation, police learned that the same assailant had committed a second attempted robbery in the parking lot of another Tunica County casino shortly after he fled the scene of Johnson's attack. After talking with the police, Johnson entered the casino and gambled for a short period of

2

No. 12-60213

time.  Three days after the assault, Johnson wrote a letter to HWCC's security director.  She thanked him for providing "well trained personnel" and singled out the security shift supervisor for going "beyond her duties to see that [Johnson] had the best of care and security."  Johnson also wrote that apart from bruises and soreness, she was "doing fine."

Over a year later, in March 2011, the Johnsons filed suit against HWCC. They alleged that Bettie Johnson suffered "severe, permanent injury," requiring surgery, as a result of HWCC's negligence in neglecting to provide reasonable safety on its premises.[1]  HWCC moved for summary judgment on January 12, 2012.  The Johnsons responded that genuine issues of material fact existed with regard to whether HWCC took reasonable measures to provide security to its guests; whether Johnson's injury was reasonably foreseeable; and whether HWCC's alleged breach of duty was the proximate cause of Johnson's injuries.

The district court granted HWCC's motion for summary judgment in a 10-page memorandum opinion issued on March 5, 2010.  The district court found as a matter of law that the Johnsons failed to establish a genuine issue of material fact as to whether an "atmosphere of violence" existed at HWCC such that HWCC should have foreseen the assault on Johnson.  Citing Mississippi case law, the district court based its inquiry on "the amount and type of criminal activity in the general vicinity of [HWCC's] business premises."  *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So.2d 1186, 1192 (Miss. 1994).

The Johnsons argued that the "general vicinity" of HWCC's premises should include the surroundings of all casinos in Tunica County, an approximately ten-mile stretch of road.  But the district court agreed with HWCC that the proper "general vicinity" was the four-mile area surrounding Hollywood Casino and the two neighboring casinos on the west end of the Casino

---

[1] Bettie Johnson's husband, Elmer Johnson, joined the suit and claimed damages for loss of consortium.

3

No. 12-60213

Strip Resort Boulevard. Relying on a sheriff's report submitted by the Johnsons, the district court found that the incidence of crime in that area – ten robberies in the four years preceding the assault in this case – was insufficient to create a genuine issue of material fact as to the existence of an atmosphere of violence. Because it found that HWCC therefore did not breach its duty of care to Johnson, the district court did not address Johnson's arguments regarding causation or damages.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court." *Ballard v. Devon Energy Production Co., L.P.*, 678 F.3d 360, 365 (5th Cir. 2012). When there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law[,]" summary judgment should be granted. *Id.* (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* Although all facts and evidence "must be taken in the light most favorable to the non-movant," to avoid summary judgment, the non-movant must "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Id.* (quoting *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006)).

## DISCUSSION

When jurisdiction is based on diversity of citizenship, as in this case, the court applies the substantive law of the forum state "in an attempt to rule as a [forum state's] court would if presented with the same issues." *Musser Davis Land Co. v. Union Pac. Res.*, 201 F.3d 561, 563 (5th Cir. 2000) (internal citations omitted). Because the forum state here is Mississippi, we apply Mississippi law.

The parties agree that this case is governed by the Mississippi law of premises liability for invitees, or persons who "enter[] the premises of another

in response to 'an express or implied invitation of the owner or occupant for their mutual advantage.'" *Double Quick, Inc. v. Moore*, 73 So.3d 1162, 1166 (Miss. 2011) (quoting *Leffler v. Sharp*, 891 So.2d 152, 153 (Miss. 2004)). A property owner is "not an insurer of an invitee's safety," but owes a duty to "exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another." *Double Quick, Inc. v. Lymas*, 50 So.3d 292, 298 (Miss. 2010) (quoting *Simpson v. Boyd*, 880 So.2d 1047, 1051 (Miss. 2004)).

An assault is foreseeable in a premises liability case if the property owner had "(1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists on the premises." *Id.* (quoting *Corley v. Evans*, 835 So.2d 30, 38-39 (Miss. 2003)). Johnson does not assert that HWCC had notice of her assailant's violent nature. Thus, the focus of this appeal is whether HWCC had actual or constructive notice that an atmosphere of violence existed on its premises.

The Johnsons make three primary arguments in asserting that the district court did not consider all the relevant evidence in determining whether HWCC had actual or constructive knowledge that an atmosphere of violence existed on the premises. First, they assert that the district court should have considered a broader geographic area for the purpose of measuring criminal activity in the vicinity of the casino. To prove an atmosphere of violence existed on a defendant's premises, a plaintiff may introduce evidence of "the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises, as well as the frequency of criminal activity on the premises." *Thomas v. Columbia Group, LLC*, 969 So.2d 849, 854 (Miss. 2007) (quoting *Lyle v. Mladinich*, 584 So.2d 397, 399 (Miss. 1991)). Mississippi courts have looked "beyond the [defendant's] immediate premises to the surrounding neighborhood" in considering prior crimes. *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So.2d 1186, 1192 (Miss. 1994).

No. 12-60213

The Johnsons contend that because Mississippi courts have not established a bright-line rule defining "the general vicinity of the defendant's business premises," it was improper for the district court to limit its analysis to the four-mile area surrounding Hollywood Casino and its two neighboring casinos, rather than the ten-mile strip covering all casinos in Tunica County.

The district court acknowledged that no set standard exists concerning the meaning of "general vicinity," but looked to Mississippi case law for guidance. Mississippi courts have generally looked to the areas immediately surrounding a defendant's premises and the neighboring businesses, including in the two cases the Johnsons argue that the district court misinterpreted. *See Gatewood v. Sampson*, 812 So.2d 212, 220 (Miss. 2002) (considering crime rates in the defendant's gas station itself, the nearby shopping center, and the street in front of the gas station); *Crain*, 641 So.2d at 1192 (considering crime rates in the two blocks surrounding the defendant's property). While the Johnsons note that neither case explicitly limited the relevant area, the district court's decision to consider the four-mile area surrounding Hollywood Casino and its two neighboring casinos was consistent with Mississippi precedent. *See Kroger Co. v. Knox*, __ So.3d __, 2012 WL 2433509 at *2-3 (Miss. June 28, 2012) (holding that where defendant supermarket was located off an interstate highway, evidence of criminal activity throughout the highway corridor was "insufficient" to establish an atmosphere of violence where the plaintiff was assaulted in the supermarket's parking lot and crimes committed throughout the highway corridor were not "near enough to pose a danger to [the supermarket's] customers."). In addition, the district court found that even taking into account the geographic area urged by the Johnsons, the crime rate – 55 robberies in a

6

No. 12-60213

four-year period preceding the assault in this case – would still not establish an atmosphere of violence.[2]

Second, the Johnsons argue that the district court should have considered the incidence of crimes other than robberies in its analysis. During summary judgment proceedings, the Johnsons submitted a Tunica County sheriff's report as "proof in the record . . . [that] creates a genuine issue of material fact as to [HWCC's] actual or constructive knowledge that an atmosphere of violence existed on the premises." However, the sheriff's report was the only evidence submitted by the Johnsons regarding criminal activity, and it listed rates of robberies only. The Johnsons have not cited any evidence of other crimes in the record that the district court should have considered. Therefore, the district court did not err in finding that no genuine issue of material fact remained with respect to HWCC's actual or constructive knowledge that an atmosphere of violence existed on the premises.[3]

Third, the Johnsons contend that the district court should have considered other evidence besides patterns of criminal activity in determining whether an atmosphere of violence existed. Specifically, they argue that the district court should have taken into account evidence regarding HWCC's past security measures. HWCC maintains that the Johnsons did not properly raise this argument before the district court, and it is therefore waived.

It is "well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court."

---

[2] The district court noted that 55 robberies in four years "did not demonstrate an atmosphere of violence sufficient to have put defendant on notice," given that these statistics arose from a ten-mile area including nine casinos and encompassing visits by almost 70 million patrons.

[3] We note it odd that the Johnsons relied on the sheriff's report exclusively to support its claims before the district court and now argue on appeal that the same evidence is insufficient to support the district court's decision.

7

No. 12-60213

*Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1994). To raise a point on appeal, the party must have "press[ed] and not merely intimate[d] the argument" before the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 n.4 (5th Cir. 1994) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)).

In their response to HWCC's motion for summary judgment, the Johnsons mentioned evidence regarding "deficiencies in [HWCC's] security program" in the section on foreseeability. But the Johnsons referenced HWCC's security procedures not to establish that an atmosphere of violence existed such that HWCC felt it necessary to hire security, *see Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 272 (5th Cir. 1998), but instead to show that HWCC's inadequate security was a proximate cause of Johnson's injuries: "[I]f there was adequate security on the day of this robbery[] she would not have been robbed." The Johnsons did not argue before the district court that HWCC's past security procedures showed that they had notice of the existence of an atmosphere of violence on the premises, and they have therefore waived that argument. *See New York Life Ins. Co.*, 84 F.3d at 141-42.

Finally, the Johnsons assert that, even assuming the district court considered all relevant evidence in conducting its inquiry, a genuine issue of fact still existed regarding whether an atmosphere of violence existed. Considering the area surrounding Hollywood and its two neighboring casinos, the district court found that ten robbery complaints in the four years preceding the assault on Johnson, none of which occurred in the year preceding the assault, did not create a genuine issue of material fact regarding foreseeability. The district court relied in part on *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641

No. 12-60213

So.2d 1186, 1189 (Miss. 1994), a case dealing with an assault by an unknown assailant in a parking lot, in which the Mississippi Supreme Court concluded:

> Looking beyond the boundaries of the Moose Lodge to the surrounding two blocks, as Crain urges the Court to do, his brief states that there were only eleven assaults, robberies and other violent crimes in the area over nearly a five year period. [Crain] has failed to put forth sufficient evidence to establish that the assault was foreseeable.

*Crain*, 641 So.2d at 1192. The *Crain* court noted that businesses are not strictly liable for crimes committed against patrons by unknown assailants, and that although evidence of criminal activity is relevant for determining foreseeability, "crime has become so prevalent . . . that . . . it would be impossible for a business to guarantee the safety of everyone coming onto its premises." *Id.* at 1191-92.

The Johnsons assert that *Crain* is inapposite because it was decided on the issue of proximate cause and not foreseeability. The Mississippi Supreme Court recently reaffirmed, however, that it "held [in *Crain*] that the plaintiff failed to produce evidence that the assault was foreseeable." *Kroger Co. v. Knox*, __ So.3d __, 2012 WL 2433509 (Miss. June 28, 2012) at *3 (citing *Crain*, 641 So.2d at 1192).

The Johnsons also attempt to distinguish another case cited by the district court, *Ellis v. Gresham Serv. Stations, Inc.*, 55 So.3d 1123 (Miss. Ct. App. 2011). The court in *Ellis* held that twelve reported crimes on the defendant's premises over a ten-year period did not amount to actual or constructive notice of an atmosphere of violence. *Id.* at 1128-30. The Johnsons argue that twelve "criminal acts" over ten years is not comparable to the evidence presented in this case of 55 robberies occurring over four years. But the court in *Ellis* considered only crimes reported on the premises of the defendant's property itself, a gas station in a residential area. *Id.* at 1127-28. By contrast, the evidence

submitted by the Johnsons spanned several casinos spread over a ten-mile stretch of road.

The district court correctly found that the Johnsons failed to establish a genuine issue of material fact that HWCC knew or should have known of an atmosphere of violence existing on its premises.  Because we affirm the district court's finding that the assault on Johnson was not reasonably foreseeable, we do not reach the Johnsons' arguments on proximate cause.

## CONCLUSION

We AFFIRM the district court's March 5, 2012 Memorandum Opinion granting summary judgment in favor of HWCC because, as a matter of law, HWCC did not have actual or constructive notice of an atmosphere of violence on or surrounding its premises.