DICKINSON, Presiding Justice,
dissenting:
¶ 49. The plurality — as a matter of first impression in Mississippi — finds that civil claims resulting from injuries caused by animals on a homeowner’s property may not be analyzed under premises-liability law. The plurality abandons the trespasser and licensee classifications for purposes of determining the homeowner’s duty of care, leaving homeowners wide open to claims of ordinary negligence by trespassers who come on their property — unwelcome and uninvited. Because I believe this to be unwise, I respectfully dissent.
¶ 50. The traditional rule in Mississippi has been that an invited social guest provides no benefit to the landowner, and therefore is a mere licensee. And landowners owe no more to licensees than a duty to refrain from willfully or wantonly injuring invited social guests.[10] Many courts have abolished the old common-law distinction between licensees and invitees altogether.[11] I believe this goes too far. But other courts have settled on a middle-ground approach and have held that social guests who have been invited to the property should be treated as invitees entitled to a duty of reasonable care.[12] I believe it is time for this Court to follow the lead of these courts. We should abandon the licensee classification for persons who are invited to come on the property (social guests), regardless of the reason for the invitation, and reclassify them as invitees. In my view, an express invitation carries with it an implied representation that the property is reasonably safe for the guest’s visit. Thus, it seems to me this sensible change would be reasonable and in concert with today’s social mores.
¶ 51. The plurality rejects this view and chooses to leave homeowners open to claims of negligence to everyone, including trespassers. This requires that I apply the law that I firmly believe controls this case — premises-liability law. In this negligence case, Olier charges that, by maintaining geese with dangerous propensities on her property, Bailey did not maintain her premises in a reasonably safe condition. Her allegations of negligence concerning the geese in the yard are no different from allegations of negligence concerning spills on the floor, cracks in the sidewalk, improperly stacked shelves in a store, or exposed electrical wiring. All such negligence claims associated with maintaining dangerous conditions on the property first must be filtered through the premises— liability classifications for determination of the degree of negligence necessary for liability.
¶ 52. When a person enters onto another’s land and suffers personal injuries due to the landowner’s negligence for failure to keep the premises in a reasonably safe condition — for instance, failing to repair a faulty electrical appliance or keeping a flock of attack geese — the claim must be analyzed under premises-liability law.
*998 ¶ 53. A premises owner’s liability is predicated upon the decision to create, maintain, or allow a dangerous condition on the property.[13] The plurality incorrectly concludes — for the first time and with no citation of authority — that premises-liability cases must be limited to .negligence associated with “stationary conditions of the property,” and that these stationary conditions must “remain in place unless moved or changed by the landowner.” This bold, unsupported characterization of premises-liability law is breathtaking in its scope.
¶ 54. While the plurality’s label may apply to dangerous spills that fall on the floor or dangerously stacked boxes that fall on a customer, it certainly does not explain why, in Cade v. Beard, this Court used premises-liability law to analyze a hunter’s death in an ATV accident.[14] Nor does it explain Albert v. Scott’s Truck Plaza, in which this Court relied on premises-liability law to analyze the landowner’s liability for a pedestrian being struck by a big truck.[15] Nor does it explain the numerous cases in which we have used premises-liability law to analyze a premises owner’s liability for injuries caused to its invitees by other persons.[16]
¶ 55. In attempting to distinguish the above cases, the plurality states that “premises liability was the only avenue through which the premises owner could have been brought into the litigation.” This concession agrees with my only point in citing these cases, and that is to refute the plurality’s assertion that premises-liability cases must be limited to negligence associated with “stationary conditions of the property,” and that these stationary conditions must “remain in place unless moved or changed by the landowner.”
¶ 56. Simply stated, I believe uninvited licensees and trespassers who go onto another’s property should not be allowed to make an ordinary negligence claim and recover for attacks by a homeowner’s animal — whether a dog, cat, or goose. This unwise approach exposes homeowners to liability, even for guard dogs kept inside the house. While I would reclassify invited social guests as invitees owed a duty of reasonable care, a majority of this Court has not adopted that view and I am constrained to analyze this case under our existing premises-liability law. Because Olier is a licensee under our existing law and because Bailey’s conduct cannot rise to the level of willful and wanton negligence, summary judgment was proper. For these reasons, I respectfully dissent.
COLEMAN, J., JOINS THIS OPINION IN PART.

. Wright v. Coffey, 239 Miss. 470, 475, 123 So.2d 841, 843 (1960).

. See, e.g., Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, 568 (1968) (abolishing the common-law distinctions between trespassers, licensees, and invitees), superseded in part by statute, Cal. Civ. Code § 847 (West 2015), as recognized in Calvillo-Silva v. Home Grocery, 19 Cal.4th 714, 80 Cal.Rptr.2d 506, 968 P.2d 65, 72 (1998).

.See, e.g., Burrell v. Meads, 569 N.E.2d 637, 643 (Ind.1991) (holding that social guests are invitees entitled to a duty of reasonable care).

. See Mayfield, v. The Hairbender, 903 So.2d 733, 737 (Miss.2005) (citing Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss.1994)) ("Tharp’s authority extends to cases (including the case before us today) in which the plaintiff alleges the defendant was negligent in creating or failing to repair a dangerous condition, and the defendant alleges the dangerous condition was open and obvious.").

. Cade v. Beard, 130 So.3d 77, 81 (Miss. 2014).

. Albert v. Scott’s Truck Plaza, Inc., 978 So.2d 1264, 1266 (Miss.2008).

.See Kroger Co. v. Knox, 98 So.3d 441, 442 (Miss.2012) (premises-liability action involving purse snatching at grocery store); Double Quick, Inc. v. Moore, 73 So.3d 1162, 1164 (Miss.2011) (premises-liability action involving shooting in convenience store parking lot); Doe v. Jameson Inn, Inc., 56 So.3d 549, 551 (Miss.2011) (premises-liability action involving sexual assault at hotel); Thomas v. Columbia Grp., LLC, 969 So.2d 849, 851 (Miss.2007) (premises-liability action involving shooting at apartment).