**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ZAMORA-CHAVEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-74144

Agency No. A043-363-407

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2016[**]
Pasadena, California

Before:  PREGERSON, NGUYEN, and OWENS, Circuit Judges.

Jose Zamora-Chavez, a Mexican citizen and a lawful permanent resident,

petitions for review of the Board of Immigration Appeals (BIA)'s dismissal of his

appeal of an Immigration Judge (IJ)'s (1) finding that Zamora-Chavez is ineligible

for a discretionary waiver of deportation under the former Immigration and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nationality Act (INA) § 212(c), and (2) denial of Zamora-Chavez's application for deferral of removal under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here.

Because the BIA conducted its own review of the evidence and law rather than simply adopting the IJ's decision, this court's "review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks and citation omitted). We review the BIA's factual findings for substantial evidence and review its legal conclusions de novo. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

First, the BIA did not err in finding that Zamora-Chavez is ineligible for relief under § 212(c). When Zamora-Chavez entered his plea of no contest to a controlled substance charge in August 1996, and when his deportation proceedings commenced in December 1996, § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) barred him from receiving relief in the form of a § 212(c) waiver because he was an "alien who [was] deportable by reason of having committed any criminal offense covered in" INA § 241(a)(2)(B)(i), now codified at 8 U.S.C. § 1227(a)(2)(B)(i).

Neither the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), nor this court's decision in *Pascua v. Holder*, 641 F.3d 316 (9th Cir. 2011), changes this result. These decisions establish that an alien who was eligible for § 212(c) relief at the time he or she entered a guilty plea remains eligible for that relief even if deportation proceedings were commenced after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), *St. Cyr*, 533 U.S. at 326, or if deportation proceedings commenced before that date and deportation charges were added based on post-IIRIRA convictions, *Pascua*, 641 F.3d at 319; however, neither decision allows relief for an alien who was not eligible for a waiver under § 212(c) in the first instance. Zamora-Chavez was not eligible for such relief because he entered his no contest plea subject to § 440(d) of AEDPA and its withdrawal of eligibility for § 212(c) relief from aliens convicted of a controlled substance crime. *See Matter of Abdelghany*, 26 I. & N. Dec. 254, 271-72 (BIA 2014); *see also* 8 U.S.C. § 1182(c) (1996). Therefore, the BIA correctly determined that Zamora-Chavez is ineligible for relief under INA § 212(c).

Second, for the CAT claim, the BIA's conclusion that it was not more likely than not that Zamora-Chavez would be tortured upon return to Mexico was supported by substantial evidence. The CAT defines torture as "an extreme form

3

of cruel and inhuman treatment," and requires that it have been "specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 1208.18(a). As the IJ found and the BIA affirmed, Zamora-Chavez failed to carry his burden of establishing that he was more likely than not to be tortured based on his (1) mental illness, (2) bisexuality, or (3) foreign or "Americanized" appearance. *See* 8 C.F.R. § 1208.16(c)(2) (burden of proof on applicant); *see also* 8 C.F.R. § 1208.17(a) (applicant who establishes eligibility for CAT withholding but is subject to mandatory denial shall be granted CAT deferral).

Zamora-Chavez's contentions regarding his mental illness were too speculative to carry his burden of proof, particularly because petitioner did not know how much his medication would cost in Mexico and simply theorized that he would be unable to obtain it and would then be tortured. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (finding that the petitioner's "claims of possible torture remain[ed] speculative" and therefore did not compel reversal); *see also Maroufi v. INS*, 772 F.2d 597, 599 (9th Cir. 1985) (rejecting an asylum application that "consisted solely of conclusory and speculative inferences drawn from generalized events"). Furthermore, even if Zamora-Chavez established that he would be institutionalized and that the conditions of the institution would amount to torture, he failed to establish that the Mexican government created the

4

conditions with the specific intent of torturing the institution's patients. *See*

*Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

With respect to his bisexuality, Zamora-Chavez showed that discrimination against LGBT individuals exists in Mexico, but failed to establish that (1) the discrimination rises to the level of torture, or (2) it is so widespread as to make it more likely than not that petitioner would himself be tortured. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013). Similarly, Zamora-Chavez failed to establish that any kidnapping of foreign nationals (1) would amount to torture, or (2) was so widespread as to make it more likely than not that it would happen to him. Accordingly, the record does not compel reversal of the BIA's decision. *See Garcia*, 749 F.3d at 789 (this court upholds the BIA's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary" (quoting 8 U.S.C. § 1252(b)(4)(B))).

**PETITION FOR REVIEW DENIED.**