# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00810-SCT

*KD OAK GROVE, LLC*

*v.*

*WARREN & WARREN ASPHALT PAVING, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2020 |
| TRIAL JUDGE: | HON. SUSAN RHEA SHELDON |
| TRIAL COURT ATTORNEYS: | NED ANDREW NELSON |
| | MARK A. NELSON |
| | RON A. YARBROUGH |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | RON A. YARBROUGH |
| ATTORNEYS FOR APPELLEE: | NED ANDREW NELSON |
| | SAMUEL DENON NEWMAN |
| | MARK A. NELSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 09/16/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2020-IA-00840-SCT

*KP WESTWOOD, LLC*

*v.*

*WARREN & WARREN ASPHALT PAVING, LLC,*
*WARREN PAVING, INC., AND ADS, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2020 |
| TRIAL JUDGE: | HON. SUSAN RHEA SHELDON |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | RON A. YARBROUGH |

ATTORNEYS FOR APPELLEES:       MARK A. NELSON
                               NED ANDREW NELSON
                               SAMUEL DENON NEWMAN
                               RODERICK MARK ALEXANDER, JR.
NATURE OF THE CASE:            CIVIL - CONTRACT
DISPOSITION:                   REVERSED AND RENDERED - 09/16/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE KING, P.J., COLEMAN AND CHAMBERLIN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. The instant case is a consolidated interlocutory appeal stemming from a dispute over construction liens. KD Oak Grove and KP Westwood entered into two separate contracts with Coumanis Allen, a general contractor. Subsequently, Coumanis did not pay subcontractors for their work, and Warren & Warren, one of Coumanis's subcontractors, filed construction liens on Oak Grove's and Westwood's separate real property. Notably, in both payment actions, Warren admitted to failing to file its *lis pendens* notice along with its construction liens, waiting 110 days to file it. The two separate legal actions were brought before the Chancery Court of Lamar County, Mississippi, and were assigned to separate chancellors.

¶2. Oak Grove and Westwood filed separate motions for summary judgment, which were denied by the chancellors; they timely appealed. The crux of the instant appeals is one of statutory interpretation: whether the failure to comply with Mississippi Code Section 85-7-405(1)(c)(i) (Supp. 2020), which requires the simultaneous filing of a *lis pendens* notice with the commencement of the payment action, renders Warren's liens unenforceable and ineffective.

2

**FACTS AND PROCEDURAL HISTORY**

*KD Oak Grove*

¶3. Warren filed its notice of claim of subcontractor's lien pursuant to Mississippi Code Section 85-7-405 (Supp. 2020) against Oak Grove on November 20, 2018. On March 14, 2019, Warren filed a complaint against Oak Grove in the Chancery Court of Lamar County, commencing its payment action. Warren stated that its "payment action was commenced to recover outstanding and owed invoices for work performed under its subcontract with Coumanis." On March 25, 2019, Oak Grove filed its answer and defenses to Warren's complaint.

¶4. On July 2, 2019, 111 days from the commencement of the payment action, Warren filed its notice of *lis pendens* against Oak Grove's property. Subsequently, Oak Grove filed a motion for summary judgment on August 30, 2019, asserting contract defenses and the failure to comply with the strict requirements of Section 85-7-405. Oak Grove filed another motion for summary judgment on March 6, 2020. After a response from Warren and a rebuttal by Oak Grove, a hearing was held on June 22, 2020, on the consolidated motions for summary judgment. Afterwards, the chancellor entered an order denying both of Oak Grove's motions for summary judgment. Oak Grove appealed.

*KP Westwood*

¶5. A similar set of facts are relevant to the action between Westwood and Warren. Warren filed a subcontractor's lien claim on November 27, 2018. A day later, Westwood filed its complaint for interpleader in the claim. Warren was added as an interpleader

3

defendant, and on January 30, 2019, Warren filed its answer, affirmative defenses, and counterclaim, "commencing its payment action as defined by Miss. Code Ann. § 85-7-401 . . . ." Then, Warren filed its amended complaint on March 13, 2019. On July 2, 2019, Warren filed its notice of *lis pendens* against the property of Westwood. Westwood filed a motion to dissolve the liens, which was ultimately denied by the chancellor. Westwood appealed, and the cases were later consolidated.

## DISCUSSION

¶6. The Court applies a *de novo* review to the grant or denial of summary judgment. ***Venture, Inc. v. Harris***, 307 So. 3d 427, 431 (¶ 14) (Miss. 2020) (quoting ***Double Quick, Inc. v. Moore***, 73 So. 3d 1162, 1165 (¶ 7) (Miss. 2011)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue [as to] any material fact and that the moving party is entitled to a judgment as a matter of law.'" ***Id.*** (quoting Miss. R. Civ. P. 56(c)).

¶7. The parties do not dispute the above facts and that Warren's claims are governed by Mississippi Code Sections 85-7-403 and 85-7-405. Rather, the statutory issue is whether Warren's liens are unenforceable and ineffective because, in both cases, Warren failed to timely and contemporaneously file its *lis pendens* notices. Beyond that, Oak Grove asserts that Warren's liens should be dissolved, because Oak Grove "relied in good faith on sworn statements in making payment to Coumanis Allen, LLC." We will first address the statutory issue surrounding the *lis pendens* notice, because it is dispositive.

4

**I.** **Whether Warren's failure to file the *lis pendens* notice with the commencement of its payment action pursuant to Mississippi Code Section 85-7-405(1) renders its liens unenforceable and ineffective.**

¶8. Section 85-7-405(1) states that "[t]o make good a lien created in Section 85-7-403(1), it must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable . . . ." Miss. Code Ann. § 85-7-405(1) (Supp. 2020). Section 85-7-405(1)(c)(i) further requires that "[a] lis pendens notice shall be filed with the commencement of the action with a copy to the owner and the contractor[.]" Miss. Code Ann. § 85-7-405(1)(c)(i).

¶9. While Oak Grove and Westwood argue that failing to file the *lis pendens* notice renders the liens unenforceable and ineffective, Warren asserts that the statute is unclear and "wholly silent on the parameters of the term 'with,' despite several other time limiting requirements." Warren argues it "has fully complied with the statutory requisites to assert a valid and enforceable lien against the property of [Oak Grove and Westwood]."

¶10. But Warren did not fully comply with the statutory requirements of Section 85-7-405. As stated above, Warren admits that its payment action against Oak Grove was commenced on March 14, 2019, and its payment action against Westwood was commenced on January 30, 2019. Warren further admits that it did not file its *lis pendens* notices in each payment action with the commencement of its actions against KP Oak Grove and KP Westwood, waiting 110 days to do so.

¶11. "If a statute is plain and unambiguous, there is no need for this Court to engage in statutory interpretation." ***BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)***,

5

991 So. 2d 1165, 1181 (¶ 37) (Miss. 2008) (citing *DuPree v. Carroll*, 967 So. 2d 27, 30 (¶ 17) (Miss. 2007)). The Mississippi Supreme Court has reiterated that the term "shall" is a "mandatory term[.]" *Tunica Cnty. v. Hampton Co. Nat'l Sur., LLC*, 27 So. 3d 1128, 1134 (¶ 20) (Miss. 2009) (internal quotation marks omitted) (quoting *Weiner v. Meredith*, 943 So. 2d 692, 694 (¶ 8) (Miss. 2006)). "Because the statute includes the mandatory term 'shall,' we do not view its restriction as a suggestion—it is a mandate." *Pickering v. Langston Law Firm, P.A.*, 88 So. 3d 1269, 1275 (¶ 21) (Miss. 2012) (citing *Franklin v. Franklin ex rel. Phillips*, 858 So. 2d 110, 115 (¶ 15) (Miss. 2003)).

¶12.    Having admitted not following the mandatory requirement in Sections 85-7-405(1) and 405(1)(c)(i), it is clear that Warren did not "make good a lien created in Section 85-7-403(1) . . . ." Miss. Code Ann. § 85-7-405(1). That said, Warren's construction liens against Oak Grove and Westwood are not good liens, and the chancellors in both respective actions erred by denying Oak Grove's motions for summary judgment and Westwood's motion to dissolve.

¶13.    Warren asserts, however, that the statute is silent concerning the parameters surrounding "with" despite "several other time limiting requirements." "With" is defined as "used as a function word to indicate combination, accompaniment, presence, or addition." *With*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003). "That which is implied in the statute is as much a part of it as that which is expressed." *Lindsey v. Lindsey*, 69 So. 2d 203, 205 (Miss. 1954) (internal quotation marks omitted) (quoting 59 C.J. 973).

¶14. Even without time limiting requirements, the statute clearly and unambiguously requires the filing of a *lis pendens* notice "with the commencement of the action." Miss. Code Ann. § 85-7-405(1)(c)(i). "Commence" is defined as "to enter upon" or "to have or make a beginning." *Commence*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003). The statutory requirement is clear and unambiguous, and as such, Warren's liens against Oak Grove and Westwood are invalid.

**CONCLUSION**

¶15. For the foregoing reasons, Chancellor Sheldon erred by denying Oak Grove's motions for summary judgment, and Chancellor Gambrell erred by denying Westwood's motion to dissolve. Therefore, we reverse the chancellors' decisions and render summary judgment in favor of KD Oak Grove and KP Westwood.

¶16. **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., AND BEAM, J., NOT PARTICIPATING.**