# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CT-01966-SCT

*STEPHEN W. MILLER*

*v.*

*R. B. WALL OIL COMPANY, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2005 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID N. GILLIS |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEE: | MELTON JAMES WEEMS |
| | ROY A. SMITH, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/06/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. This is a slip-and-fall case in which the trial court granted summary judgment. Finding genuine issues of material fact which must be decided by a jury, we reverse and remand for trial.

### BACKGROUND FACTS AND PROCEEDINGS

¶2. On January 12, 1995, Stephen Miller slipped and fell on diesel fuel spillage at the Bogue Chitto Truck Stop (Truck Stop). At the time of the accident, the truck stop was being operated by Mary Jo Bueto, who was leasing it from R.B. Wall Oil Co. (Wall), a distributor

of Shell gasoline products. As a result of injuries he sustained in the fall, Miller filed suit against Bueto, Wall and Shell Oil Company. Wall filed a motion for summary judgment, which the trial court granted. On appeal, the case was assigned to the Court of Appeals, which dismissed the appeal due to improper Mississippi Rule of Civil Procedure 54(b) certification.[1] *Miller v. R.B. Wall Oil Co.*, 850 So. 2d 101,102 (Miss. Ct. App. 2002).

¶3. The trial court re-entered final judgment in compliance with Rule 54(b), and Miller again appealed. The appeal was again assigned to the Court of Appeals, which found no genuine issue of material fact regarding the element of notice. *Miller v. R.B. Wall Oil Co.*, 2005-CA-01966, 2006 Miss. App. LEXIS 922, *12 (Miss. Ct. App. Dec. 12, 2006). As such, the Court of Appeals affirmed the trial court's grant of summary judgment in favor of Wall. *R.B. Wall Oil Co.*, 2005-CA-01966, 2006 Miss. App. LEXIS 922 at *17.

¶4. Miller filed a petition for certiorari, which we granted to review whether there are triable issues as to: (1) whether Wall can be held liable for the alleged negligence of Bueto and her employees, (2) whether Miller is entitled to punitive damages, and (3) whether Miller is entitled to reasonable expenses and attorney's fees for defending Wall's motion for summary judgment and for costs associated with filing this appeal.

## DISCUSSION

¶5. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is

---

[1] Rule 54(b) of the Mississippi Rules of Civil Procedure mandates that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment." Miss. R. Civ. P. 54(b).

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt. *Moss*, 935 So. 2d at 398. "Issues of fact . . . are present where one party swears to one version of the matter in issue and another says the opposite." *Id.* (quoting *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990)).

¶6. When we review a trial court's grant of summary judgment, our standard of review is de novo (*Moss v. Batesville Casket Co.*, 935 So. 2d 393, 398 (Miss. 2006)), and we "must confine [our] review to what appears in the record." *Pulphus v. State*, 782 So. 2d 1220, 1224 (Miss. 2001).

## I.

¶7. The record initially before us was scant, rendering it nearly impossible to make any determination on the merits of Miller's assignments of error. Curiously, the Court of Appeals had rendered an opinion as to Miller's claims, setting forth detailed findings of fact throughout its opinion in support of its conclusion that there were no genuine issues of material fact as to whether the Bueto or any of her employees had notice of a spill. This led to the ultimate determination that the trial court had correctly granted summary judgment as to Wall. *R.B. Wall Oil Co.*, 2005-CA-01966, 2006 Miss. App. LEXIS 922 at *13–*17.

¶8. Specifically, the Court of Appeals referred to the testimony of Bueto, Donnie McWilliams, and Jason Miller, in support of its conclusion that summary judgment was properly granted. *R.B. Wall Oil Co.*, 2005-CA-01966, 2006 Miss. App. LEXIS 922 at *14–*16.

3

¶9. Although the transcripts were missing from the record, they were included in the Designation of the Record. Our Rules of Appellate Procedure obligate the appellant to examine the record and submit any proposed changes to the record or certify that the record is correct and complete. The rule states:

> For fourteen (14) days after the clerk's notice of completion under Rule 11(d)(2), the appellant shall have the use of the record for examination. On or before the expiration of that period, appellant's counsel shall deliver or mail the record to one firm or attorney representing the appellee, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service. Counsel for the appellee shall examine the record and return it to the trial court clerk within fourteen (14) days after service, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service. Corrections as to which counsel for all parties agree in writing shall be deemed made by stipulation. If the parties propose corrections to the record but do not agree on the corrections, the trial court clerk shall forthwith deliver the record with proposed corrections to the trial judge. The trial judge shall promptly determine which corrections, if any, are proper, enter an order under Rule 10(e), and return the record to the court reporter or the trial court clerk who shall within seven (7) days make corrections directed by the order.

Miss. R. App. P. 10(b)(5).

¶10. It appears from the Designation of the Record that only one of the nine documents Miller designated as part of the appellate record actually was included in the record forwarded to this Court from the trial court. Clearly, Miller failed to comply with Mississippi Rules of Appellant Procedure 10(b)(5), which required him to review and certify the record as complete. We point out Miller's deficiency to serve as notice and a warning to all

4

appellate counsel that failure to comply with Rule 10(b)(5) in future cases will be at the attorney's own peril.

¶11.    On August 21, 2007, this Court ordered Miller to supplement the record with all documents designated, but not included in the appellate record.  Miller timely complied by providing the missing documents and properly re-certified the record pursuant to Mississippi Rule of Appellate Procedure 10(b)(5).  Thus, this Court agreed to proceed with a review of the case.

**II.**

¶12.    Miller first claims there are material facts at issue regarding whether Bueto acted as Wall's agent and whether Bueto was on notice of the allegedly dangerous conditions on the truck stop premises.  These issues are addressed separately below.

*Agency*

¶13.    This Court has adopted a non-exclusive list of factors for determining whether an agency relationship exists:

> Whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the work during the course of employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees  and to fix their compensation; and whether he is obliged to pay the wages of said employees.

5

*Kisner v. Jackson*, 132 So. 90, 91 (Miss. 1931).

¶14.    Several of these factors weigh in favor of the existence of an agency relationship between Beuto and Wall.  First, evidence shows that Wall regularly inspected Bueto's operation of the truck stop.  Bueto testified that while she had some authority concerning the price of the gasoline that she sold, she could not change the price without consulting Wall. Bueto was not allowed to price the gasoline outside certain limitations under any circumstances.  Wall also received one-half of all profits from the sale of gasoline. In addition, Wall owned the land, buildings, gas pumps and storage tanks.  Bueto was required to call Wall if any repairs to the pumps were needed.

¶15.    Control and the right to control are key to determining whether an agency relationship exists.  *Frutcher v. Lynch Oil Co.*, 522 So. 2d 195, 199 (Miss. 1988).  In *Frutcher* this Court examined a similar factual situation and determined that an agency relationship was not created between an oil company and the operator of a gas station.  *Id.* at 201.  However, in *Frutcher*, the operator set his own prices and received as profit the difference between the price paid to the oil company and the price at which he sold the fuel.  *Id.* at 200.  In contrast, Bueto testified she did not and could not set her own prices, and that she split profits with Wall.  She received fuel from Wall, sold it, reimbursed Wall for the cost of the fuel, and the split the profits with Wall.  Stated another way, Wall took its profits – not from its sale of fuel to its customer, Bueto – but rather from Bueto's sales to the general public.

¶16.    The determination of whether an agency relationship exists is a question of fact for the jury.  *Kight v. Sheppard Bldg. Supply, Inc.*, 537 So. 2d 1355, 1358 (Miss. 1989).

6

Because a significant material factual dispute exists regarding the agency relationship, summary judgment on that issue was inappropriate.

*Notice*

¶17. The Court of Appeals found the defendants had no notice of the dangerous condition and therefore could not be held accountable for Miller's injuries. A business owner has a duty to to keep his premises in a reasonably safe condition for invitees. ***Drennan v. Kroger Co.***, 672 So. 2d 1168, 1170 (Miss. 1996). Where an injured party demonstrates that the dangerous condition was created by the negligence of the business or its employees, the injured party need not prove notice to the business. ***Id***. at 1171. However, if the dangerous condition was created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it. ***Id***.

¶18. In this case, no evidence was presented that the oil was spilled by anyone associated with the truck stop. Therefore, to escape summary judgment, Miller must provide evidence that Bueto or her employees had sufficient notice of the oil spill to allow remedial action.

¶19. One of Bueto's employees testified that there was always gas and oil on the ground at the site of the fall. McWilliams testified that a week before the accident, he spilled a large quantity of diesel fuel on the ground. One of the pumps was broken and did not shut off when the vehicle was fully fueled, causing fuel to continue to spill on the ground until the pump was shut off manually. McWilliams also stated that on two occasions he told Bueto's employees about the problem with the pump and the spilled fuel. He stated that he attempted

7

to rinse the fuel off of the ground. Furthermore, McWilliams stated that, at the time of the accident, the area was very wet, dirty, and covered in diesel fuel. Miller further testified that, when he told Bueto's employee that he had slipped on the fuel, the employee stated that management was aware of the broken fuel pump and that someone had been called to fix it.

¶20. This evidence is sufficient to create a question of fact for the jury regarding whether the defendants had notice of the dangerous condition in time to take remedial measures. Thus, summary judgment was not warranted.

### III.

¶21. Miller next argues that the trial court erred in granting summary judgment to Wall on the issue of punitive damages. Punitive damages cannot be awarded unless a plaintiff can prove by clear and convincing evidence that the defendant acted either with actual malice or with gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others. *Neider v. Franklin*, 844 So. 2d 433, 438 (Miss. 2003).

¶22. In this case, Miller has not presented evidence that Bueto or Wall engaged in actions that could be characterized as malicious or willful and wanton, and certainly not evidence a jury could find clear and convincing. Therefore, the trial judge was correct when granting summary judgment on the issue of punitive damages.

### IV.

¶23. Finally, Miller argues he is entitled to reasonable expenses and attorney's fees because Wall's summary judgment motion was made without good cause. Mississippi Rule of Civil Procedure 56(h) states:

8

> If summary judgment is denied the court shall award to the prevailing party the reasonable expenses incurred in attending the hearing of the motion and may, if it finds that the motion is without reasonable cause, award attorneys' fees.

Miss. R. Civ. P. 56(h). Miller properly requested attorney's fees and costs in his brief to this Court. Rule 56(h) states that a trial judge must award reasonable expenses to a prevailing party. However, because Miller did not prevail on all issues presented for summary judgment, he is not a "prevailing party" within the meaning of Rule 56(h), and is not entitled to an award of expenses.

¶24. An award of attorney's fees is within the discretion of the trial judge and may be granted only where the trial court finds the motion was filed without reasonable cause. Because we find Wall's motion was made with reasonable cause, the trial judge may not award attorney's fees to Miller.

## CONCLUSION

¶25. We find that Miller has presented genuine issues of material fact concerning the existence of an agency relationship and notice of the alleged dangerous condition. Therefore, the trial court erred in granting summary judgment in favor of Wall, and we remand this case for a trial on the merits. On the issue of punitive damages, we find that the trial court properly granted summary judgment in favor of Wall. An award of attorney's fees may not be granted because Wall's motion was made with reasonable cause. And finally, because Miller did not prevail on all issues presented for summary judgment, he is not entitled to an award of expenses.

¶26. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., WALLER, P.J., CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., EASLEY AND LAMAR, JJ.**

**GRAVES, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶27.　While I concur with the majority's holding that the trial court erred in granting summary judgment in favor of Wall, I respectfully disagree with the finding that the trial court did not err in granting summary judgment with regard to punitive damages. In deciding whether summary judgment is proper, the evidence in the case must be viewed in the light most favorable to the plaintiff. *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 399 (Miss. 2006) (citations omitted). Summary judgment is improper if genuine issues of material fact exist, and is therefore inappropriate if a reasonable juror could differ on a genuine issue of material fact. *Moss*, 935 So. 2d at 398; *Strantz v. Pinion*, 652 So. 2d 738, 741 (Miss. 1995) (citation omitted). Moreover, even where a material fact issue does not exist, summary judgment is improper if a triable issue would result from a complete presentation of the evidence. *Strantz*, 652 So. 2d at 741 (citation omitted).

¶28.　The majority finds that the evidence before this Court on review "is sufficient to create a question of fact for the jury regarding whether the defendants had notice of the dangerous condition in time to take remedial measures," and therefore finds that "summary judgment was not warranted." (Majority Opinion at ¶20 ). However, the majority then finds summary judgment appropriate on the issue of punitive damages. That result is based on the artificial separation of factual issues which are inextricably intertwined. These facts do not lend themselves to pre-trial separation regarding compensatory and punitive damages.

¶29. The trial court's grant of summary judgment and the findings of fact and law therewith indicate that the trial judge granted summary judgment in favor of Wall Oil on both the issue of compensatory damages and the issue of punitive damages. However, the finding on punitive damages was predicated solely on the trial court's finding that there was no possibility of an award for compensatory damages.[2] The majority finds that summary judgment on compensatory damages was not proper and reverses on that issue. A finding by this Court that summary judgment as to compensatory damages is inappropriate is necessarily a determination that there exist genuine issues of material fact. Those factual issues may support a claim for punitive damages. But, inasmuch as there has been no full development of facts, a decision regarding Miller's punitive damages claim at this time is premature. This Court, in its majority opinion, has determined that the compensatory damages claim is viable, at least to the extent that it survives a motion for summary judgment. Hence, any decision which is premised on the now-erroneous finding that the compensatory damages claim is not viable, should be reversed.

¶30. The majority has correctly recognized that Wall was responsible for repairs to the gas pumps. Furthermore, evidence shows Wall's employees visited the truck stop daily, and that Wall had notice of the dangerous condition for at least one week prior to Miller's slip and

---

[2]The trial court found "that inasmuch as there are no genuine issues of material fact which can make R.B. Wall Oil Company liable for any alleged injuries suffered by Stephen Miller, there are no facts or evidence by which the plaintiff is entitled to or can recover punitive damages." The trial court correctly stated that "[t]he existence of actual damages is, in Mississippi, a necessary prerequisite to the jury's right to consider and assess punitive damages." *Harbin v. Jennings*, 734 So. 2d 269, 274-75 (Miss. 1999) (citations omitted). *See also*, Miss. Code Ann. § 11-1-65 (Rev. 2002).

11

fall. The notice came via Wall's communications with Mrs. Bueto and through their own presence on the property. Clearly, if the majority is able to find a question of fact regarding whether Wall had notice that there was a faulty fuel pump which was causing fuel to spill, then that same evidence should present a question of fact regarding Wall's conduct in allegedly allowing the fuel pump to remain in a state of disrepair for at least one week. Moreover, that same evidence could be relevant in determining whether or not Wall's conduct was malicious or grossly negligent in allegedly causing the conditions which led to Miller's injuries, and if so, whether or not such conduct "evidenc[ed] a willful, wanton or reckless disregard for the safety of others. . . ." Miss. Code Ann. § 11-1-65 (Rev. 2002). Because there exist genuine issues of material fact which are inseverable on the issues of compensatory and punitive damages, I find that the trial court erred in granting summary judgment in favor of Wall.

¶31. For the foregoing reasons, I respectfully concur in part and dissent in part.

**DIAZ, P.J., EASLEY AND LAMAR, JJ., JOIN THIS OPINION.**