# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00891-SCT

*TONY PRATT*

*v.*

*SYLVIA DEES SESSUMS*

DATE OF JUDGMENT: 03/24/2006
TRIAL JUDGE: HON. LARRY O. LEWIS
COURT FROM WHICH APPEALED: WASHINGTON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT: JOHN M. MOONEY
ATTORNEYS FOR APPELLEE: J. MURRAY AKERS
NATURE OF THE CASE: CIVIL - OTHER
DISPOSITION: AFFIRMED - 05/22/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE DIAZ, P.J., DICKINSON AND RANDOLPH, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. This case involves an award of costs and attorneys' fees pursuant to the Mississippi

Litigation Accountability Act. Because the record contains insufficient evidence to analyze

Pratt's arguments, the award is affirmed.

## FACTS

¶2. In 2003, Sylvia Sessums brought suit against Tony Pratt seeking to overturn the

results of the election for Washington County District Three Constable. Following discovery

(which included Pratt's denial of certain requests for admission propounded by Sessums),

the trial court granted Sessums's motion for summary judgment. The trial court delayed

consideration of Sessums's motion for costs and fees under the Mississippi Litigation

Accountability Act, Mississippi Code Annotated Section 11-55-1 (Rev. 2002), until the summary judgment matter was addressed on appeal. *See **Cruse v. Nunley***, 699 So. 2d 941, 946 (Miss. 1997); ***Bruce v. Bruce***, 587 So. 2d 898, 903 (Miss. 1991). See also Luther T. Munford, *Mississippi Appellate Practice* § 6.8, at 6-42 (2006).

¶3.     This Court affirmed the summary judgment in ***Pratt v. Sessums***, 2006 Miss. LEXIS 10 (January 5, 2006). Following an evidentiary hearing on Sessums's pending motion for fees and expenses, the trial court held that Pratt had no good reason for his failure to admit Sessums's requests, and ordered Pratt and his counsel to pay Sessums almost $18,000 in attorneys' fees and expenses. Pratt timely perfected an appeal.

¶4.     Upon receipt of the appeal, we noted several deficiencies in the record, including the parties' failure to certify their review of the record as required by Mississippi Rule of Appellate Procedure 10(b)(5).[1] We further noted that Pratt's designation of the record included "any and all pleadings and any and all other documents on file and of record in the above styled and numbered cause from and after the date of February 24, 2006." However, in reviewing the trial court's order granting sanctions, we noted that Sessums's request for admissions (which was the focus of the trial court's order) was filed December 9, 2003, and Pratt's response to Sessums's request for admissions was filed December 19, 2003. Despite the fact that the trial court's award of sanctions centered around these documents, neither was

---

[1]In addition, Pratt failed to separately number the issues for review as required by Mississippi Rule of Appellate Procedure 28(a)(3). Also, while Pratt included a table of cases in his brief, the cases were not alphabetically arranged as required by Mississippi Rule of Appellate Procedure 28(a)(2).

included in the actual record transmitted to this Court.[2]   Consequently, we issued a show-cause order which *inter alia* required both parties to provide this Court with all documents necessary to decide the appeal.  Incredibly, each party responded to our order by simply claiming that "there were no deficiences noted, and everything contained in the designation of record was actually contained in the record – all five of them."  Neither party addressed Sessums's requests for admission or Pratt's response.[3]

## ANALYSIS

¶5.    Pratt cites three basic assignments of error:

    1.    Did the trial court err in awarding attorney's fees and sanctions?

    2.    Were the Appellant's due process rights violated?

    3.    Did the trial court employ the appropriate standard for the award of sanctions and attorney's fees?

¶6.    Although both parties claim that this Court has all documents necessary to render a decision in this case, we were not provided the Complaint, Answer, Requests for Admission, or Response to Requests for Admission.  Without these documents, we are unable to determine whether Pratt's denial of Sessums's requests for admission was improper.  We cannot consider evidence that is not in the record. ***Shelton v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973).  As the appellant seeking a reversal of the trial court's order, it was Pratt's duty

---

[2]The failure of the trial court clerk to include these documents would have been remedied, had the parties examined and certified the record as they are required to do under Mississippi Rule of Appellate Procedure 10(b)(5).

[3]Pratt filed a supplemental response to the show-cause order which designated two additional issues on appeal, neither of which address the question of whether the award of sanctions for failure to properly respond to Sessums's requests for admissions was appropriate.

to "see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal." *Id*.

¶7. In Pratt's supplemental response to this Court's show-cause order, he raises two additional issues on appeal. The wording of these issues indicates that Pratt understood he was sanctioned simply because Sessums was granted summary judgment. However, the trial court's order clearly states that Pratt was sanctioned for failure to timely and appropriately respond to requests for admission. Accordingly, Pratt's additional issues are irrelevant. Because the record before this Court is insufficient for an analysis of whether the trial court abused its discretion, the judgment of the trial court must be affirmed.

¶8. This decision should serve as notice to the Bar that failure to properly review and certify the appellate record as required by Mississippi Rule of Appellate Procedure 10(b)(5) is a serious offense, which this Court encounters far too often. *See Miller v. Wall Oil Co.*, 970 So. 2d 127, 130-31 (Miss. 2007), Greater attention to detail and compliance with the rules of procedure are expected of all attorneys practicing in this state. Failure to properly review and certify the record is inexcusable--we expect better from *pro se* litigants.

## CONCLUSION

¶9. After reviewing the record before us, we have no basis on which to find that the trial court abused its discretion. Therefore, the award of attorney's fees and costs is affirmed.

¶10. **AFFIRMED**.

**SMITH, C.J., DIAZ, P.J., EASLEY, CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. WALLER, P.J., NOT PARTICIPATING**.

4