IRVING, P.J.,
for the Court:
¶ 1. Barbara Dawson commenced this action by filing a complaint in the Harrison County Circuit Court against Boyd Biloxi LLC (Boyd), seeking compensation for injuries that she sustained in 2012 when she slipped and fell at the Imperial Palace Casino, Resort, and Spa (IP) in Biloxi, Mississippi.[1] Boyd timely answered the complaint and later moved for summary judgment, which the circuit court granted. Feeling aggrieved, Dawson appeals and argues that the circuit court erred in granting summary judgment in favor of Boyd.
¶ 2. Finding no error, we affirm.
*315 FACTS
¶ 3. On January 29, 2012, sometime after 11:00 p.m., Dawson, her cousin, and her aunt visited the IP. During their visit, Dawson went to the IP’s snack-bar area in search of something to eat. Dawson chose a sandwich and a soda. When Dawson returned to the register, the cashier informed her that she could get chips as well. Dawson walked over to where the chips were located and chose a bag of chips. Shortly after showing the bag of chips to the cashier, Dawson fell. Another casino patron helped Dawson up from the floor, and Adam Baskind, a surveillance agent for the IP, assisted Dawson to a nearby bench.
¶ 4. During Dawson’s deposition, she described what happened before she fell. She stated, “When I stood up to hold my bag up to show the lady that I just had the chips to walk off, I fell.” Dawson admitted during the deposition that she did not know what had caused her to fall, but that there “was something wet on the floor.” Dawson also admitted that she did not know how long the substance had been on the floor prior to her fall, and she did not know how the substance got on the floor.
¶ 5. Additionally, during her deposition, Dawson reviewed the IP’s surveillance footage from the night of her fall. She admitted that the surveillance footage showed the following events leading up to her fall:
44:07[2]-lady with white hair[3] seen in snack area,
44:16-lady with white hair drops her glass on the floor and leaves without alerting anyone of the spill,
44:28-Dawson walks from the cashier’s counter to where the chips are located, and
44:44-Dawson falls.
¶ 6. After viewing the security footage, Dawson agreed that she fell in the liquid that the “lady with the white hair” spilled on the floor. She did not see the lady spill anything on the floor on the night of her fall, and she did not know if any of the IP’s employees saw the lady spill anything on the floor. Later during her deposition, Dawson stated that the video also showed several employees in the area of her fall seconds before she fell and that, “as best [she] could tell[,]” there was nothing blocking the employees’ view of the floor. The surveillance footage revealed that the time that had elapsed between when the “lady with the white hair” dropped her glass on the floor and when Dawson fell was twenty-eight seconds.
¶ 7. Baskind, a security employee at the IP, testified during his deposition that someone from the IP’s surveillance team normally monitors the surveillance footage at all times. Baskind noted that he performs a “walk-through” of the snack-bar area several times throughout the night for safety and security purposes, but that he did not have a set schedule to perform the security checks. He also stated that he did not notice whether there were IP employees behind the counter in the area where Dawson fell.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. “[Appellate courts] review the grant or denial of a motion for summary judg *316 ment de novo, viewing the evidence ⅛ the light most favorable to the party against whom the motion has been made.’ ” Karpinsky v. Am. Nat’l Ins. Co., 109 So.3d 84, 88 (¶ 9) (Miss.2013) (quoting Pratt v. Gulfport-Biloxi Reg’l Airport Auth., 97 So.3d 68, 71 (¶ 5) (Miss.2012)). A party is entitled to summary judgment when “the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c). “When a motion for summary judgment is made and [properly] supported ..., an adverse party may not rest upon the mere allegations or denial of his pleadings, but his response, by affidavits or [otherwise] ..., must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
¶ 10. The Mississippi Supreme Court has held:
A business owner has a duty to keep his premises in a reasonably safe condition for invitees. Where an injured party demonstrates that the dangerous condition was created by the negligence of the business or its employees, the injured party need not prove notice to the business. However, if the dangerous condition was created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it.
Miller v. R.B. Wall Oil Co., 970 So.2d 127, 132 (¶ 17) (Miss.2007) (citing Drennan v. Kroger Co., 672 So.2d 1168, 1170-71 (Miss. 1996)). Here, it is uncontested that Dawson was a business invitee on the day of the incident and that neither Boyd nor any of its employees spilled the liquid creating the dangerous condition. Therefore, the remaining unanswered questions at the summary-judgment stage were whether Boyd had actual or constructive knowledge of the spilled liquid prior to Dawson’s fall, and, if so, whether Boyd had sufficient time to clean the spill but failed to do so prior to Dawson’s fall.
¶ 11. To support its motion for summary judgment, Boyd offered excerpts of Dawson’s deposition, a copy of the surveillance video from the IP on the night of Dawson’s fall, and a statement of undisputed facts. As stated, the surveillance video revealed that the liquid was spilled on the floor by a lady who dropped her cup and left the area without informing anyone of the spill. Further, as stated, Dawson testified by deposition that several employees were in the area and had an unobstructed view of the area of the spill prior to her fall. However, she could not say whether the employees actually saw the liquid on the floor prior to her fall. She also agreed, after watching the surveillance video, that the liquid had been on the floor twenty-eight seconds prior to her fall. Boyd argued that, based upon Dawson’s deposition testimony and the surveillance video, Dawson could not show that Boyd had actual or constructive knowledge of the spill or that Boyd failed to clean the spill within a reasonable time.
¶ 12. In response to Boyd’s motion for summary judgment, Dawson submitted an excerpt of Baskind’s deposition and a copy of the incident report of her fall, which Baskind prepared after Dawson’s fall. During Baskind’s deposition, he stated that a surveillance agent normally monitors the surveillance cameras at all times. In the incident report, Baskind indicated that security was not called until after the fall had occurred, that Dawson stated that she had “slipped on some water and fell,” and that he saw a “spilled drink in the *317 area [where] Dawson stated she fell.” Neither Baskind’s deposition nor the incident report established whether a surveillance agent was watching the monitors on the night of her fall or whether any of Boyd’s employees saw the lady spill her drink prior to Dawson’s fall.
¶ IB. To be entitled to summary judgment, Boyd carried the initial burden of persuading the circuit court that there was no genuine issue with respect to whether Boyd had actual or constructive knowledge of the spill prior to Dawson’s fall, and, if it did have such knowledge, it did not have a reasonable time to clean up the spill prior to Dawson’s fall. Boyd carried its burden. Boyd proved through Dawson’s deposition testimony that Dawson could not show that it had prior knowledge of the spill. Also, through the surveillance video, Boyd demonstrated that only twenty-eight seconds lapsed between the time of the spill and Dawson’s fall.
¶ 14. The burden then shifted to Dawson
to produce sufficient evidence to establish the essential elements of her case on which she would bear the burden of proof at trial; ie., that [Boyd] (1) had knowledge of the spill, either actual or constructive, and (2) that [Boyd] had a sufficient time to correct it, either by cleaning up the spill or warning of its presence.
Karpinsky, 109 So.3d at 90 (¶ 17). Dawson failed to carry her burden. Dawson’s testimony that some of Boyd’s employees had an unobstructed view of the area where she fell does not prove that the employees in the snack-bar area saw the spill on the floor prior to Dawson’s fall. No employee from Boyd testified to such knowledge. Additionally, even if the employees in the snack-bar area had knowledge of the spill prior to Dawson’s fall, Dawson failed to produce evidence that the twenty-eight seconds between the spill and her fall was a reasonable period of time to either clean up the spill or warn of its presence.
¶ 15. Consequently, after viewing the evidence in the light most favorable to Dawson, it cannot be said that there are genuine issues of material fact that require resolution by a jury. Dawson failed to produce evidence that Boyd had either actual or constructive knowledge of the spill prior to her fall. Accordingly, we find that the circuit court did not err in granting summary judgment in favor of Boyd.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Boyd Biloxi LLC is the owner and operator of the Imperial Palace Casino, Resort, and Spa.

. The time is reported in minutes and seconds.

. Both parties have agreed that the lady was a customer at the IP on the night of the incident.