LEE, C.J.,
for the court:
¶ 1. On May 29, 2009, Gae Dickinson tripped as she was entering Wash & Dry in Olive Branch, Mississippi. Dickinson filed suit in the DeSoto County Circuit Court against Jonathan Vanderburg (Van-derburg) d/b/a Wash & Dry and Howard Sidney Vanderburg (Sidney). Sidney, Vanderburg’s father, owned the building where the Wash & Dry was located, but the Wash <& Dry was operated by Vander-burg. Vanderburg leased the premises from Sidney.
¶ 2. Sidney filed a motion for summary judgment, which Vanderburg joined. After a hearing on the matter, the trial court granted both defendants’ motion for summary judgment. The trial court determined that Sidney was not liable for Dickinson’s injuries as the lessor of the *457 premises and that the threshold over which Dickinson tripped and fell was not unreasonably dangerous.
¶3. Dickinson now appeals, asserting the trial court erred in granting summary judgment in favor of Vanderburg. Dickinson does not appeal the trial court’s decision pertaining to Sidney.
STANDARD OF REVIEW
¶4. In considering a trial court’s grant of a motion for summary judgment, this Court conducts a de novo review and “examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citation omitted). The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that “[t]he movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law.” Karpinsky v. American Nat’l Ins. Co., 109 So.3d 84, 88 (¶ 11) (Miss.2013) (citation omitted). The supreme court further stated that “[t]he movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial.” Id. at 88-89 (¶ 11) (citations omitted). Specifically, in premises-liability cases, “Mississippi law further requires that when a dangerous condition exists that was ‘created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it.’ ” Id. at (¶ 12) (quoting Miller v. R.B. Wall Oil Co., 970 So.2d 127, 132 (¶ 17) (Miss.2007)). The supreme court again clarified that “while [defendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial.” Id. at (¶ 13).
DISCUSSION
¶ 5. In her only issue on appeal, Dickinson contends the trial court erred in granting summary judgment in favor of Vanderburg. Specifically, Dickinson argues that whether the height of the threshold constituted an unreasonably dangerous condition was a jury question.
¶ 6. Mississippi uses a three-step process in analyzing premises liability: “First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.” Rod v. Home Depot USA, Inc., 931 So.2d 692, 694 (¶ 9) (Miss.Ct.App.2006) (internal citations omitted).
¶ 7. It is undisputed that Dickinson was a business invitee because she entered the Wash & Dry “in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Id. at (¶ 10) (citation omitted). “A business owner/operator owes to invitees the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.” Id. (citation and internal quotation marks omitted).
*458 ¶ 8. To succeed in her premises-liability action, Dickinson must prove one of the following: “(1) a negligent act by [Vanderburg] caused [her] injury; or, (2) that [Vanderburg] had actual knowledge of a dangerous condition, but failed to warn [her] of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to [Vanderburg].” Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003) (citation omitted). A business owner, however, is not an insurer of an invitee’s injuries. Id. at (¶ 6). Furthermore, mere proof “of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.” Id. (citation omitted).
¶ 9. Dickinson’s sole contention is that the raised threshold over which she tripped was a dangerous condition since the threshold was approximately two inches above the exterior sidewalk. According to Russell J. Kendzior, Dickinson’s expert, the threshold over which Dickinson fell constituted an unreasonably dangerous condition that Vanderburg had a duty to identify and correct. Kendzior contends Vanderburg should have placed signs warning customers of the raised threshold or painted the elevated area a different color to draw attention to the hazard.
¶ 10. In McGovern v. Scarborough, 566 So.2d 1225, 1228 (Miss.1990), the Mississippi Supreme Court held that a raised threshold was not unreasonably dangerous as a matter of law because the floor itself was at least two inches higher than the exterior walkway. Although the Mississippi Supreme Court revised the open-and-obvious standard in Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss.1994), by finding that a plaintiffs failure to recognize an open and obvious danger operates to reduce damages, not preclude liability, the result in McGovern — that a raised threshold was not unreasonably dangerous — still stands. See also Wood v. RIH Acquisitions MS II, 556 F.3d 274, 282 (5th Cir. 2009) (“At least those hazards that are similar to undamaged thresholds, curbs, and steps, which are common architectural features for buildings and parking lots, may properly be found not to be unreasonably dangerous.”). In this instance, the threshold at the Wash & Dry was undamaged. The threshold was not a dangerous condition; thus, we find summary judgment was properly granted in favor of Vanderburg.
¶ 11. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J„ CONCURS IN RESULT ONLY.